# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$50,596.05 UNITED STATES CURRENCY,<br><br>Defendant. | 8:20CV31<br><br>MEMORANDUM &<br>ORDER |

This matter is before the Court on the Motion for Attorney Fees, Costs, and Interest filed by Alfredo Valencia Hinostroza, ECF No. 33. For the reasons discussed below, the Motion will be denied.

## BACKGROUND

Law enforcement seized $50,596.05 from Roman Victor and Alfredo Hinostroza in Lincoln, Nebraska, on August 31, 2019. The United States filed a "Complaint for Forfeiture in Rem," ECF No. 1, on January 21, 2020. Hinostroza filed a "Verified Claim", ECF No. 12, on February 25, 2020. Following two sets of interrogatories and one set of responses, the United States filed a Motion to Dismiss without Prejudice, ECF No. 30, on August 11, 2020. This Court dismissed the case, without prejudice, ECF No. 31, on August 12, 2020. Hinostroza filed the Motion for Attorney Fees, Costs, and Interest pursuant to 28 U.S.C. § 2465(b)(1), ECF No. 33, on August 24, 2020.

## ANALYSIS

Under the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S.C. § 2465(b)(1), "The United States 'shall be liable' for attorney fees, costs, and interest 'in any civil proceeding to forfeit property . . . in which the claimant substantially prevails.'" *United States v. Thirty-*

*two thousand eight hundred twenty dollars and fifty-six cents ($32,820.56) in United States Currency*, 838 F.3d 930, 934 (8th Cir. 2016). The party seeking attorney fees need not obtain judgment on the merits, but "must secure a material alteration of the legal relationship between the parties." *Id.* at 935 (*quoting Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001)). A voluntary dismissal, without prejudice, does not secure a material alteration between parties. *Id.* at 937. Here, there is no material alteration between the parties, because the United States could refile the forfeiture action.

"CAFRA constitutes a waiver of sovereign immunity exposing the government to liability. As such, [the court is] bound to construe it narrowly and deem the waiver of sovereign immunity to extend only to those situations where Congress's intent is clear and unequivocal." *U.S. v. Moser*, 586 F.3d 1089, 1095 (8th Cir. 2009). CAFRA's language provides for attorney fees, costs, and interest only to a substantially prevailing party, and the Court must construe the statute narrowly.

Accordingly,

Claimant Alfredo Hinostroza's Motion for Attorney Fees, Costs, and Interest pursuant to 28 U.S.C. § 2465 (b)(1), ECF No. 33, is denied.

Dated this 21st day of September, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge